IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GREEN CIRCLE GROWERS, INC.<br>51051 U.S. Highway 20<br>Oberlin, Ohio  44074,<br><br>                                            Plaintiff,<br><br>vs.<br><br>DAYTONA FREIGHT SYSTEMS, INC.<br>c/o Evilsizor Process Servers, LLC, Process Agent<br>c/o Beery & Spurlock Co., LPA<br>5025 Arlington Centre Blvd., Suite 550<br>Columbus, OH  43220<br><br>Also Serve:<br><br>  DAYTONA FREIGHT SYSTEMS, INC.<br>   Attn.: Inderpal Kahlon, President<br>  1801 West 26th Street<br>  Muncie, IN  47302<br><br>Also Serve:<br><br>  DAYTONA FREIGHT SYSTEMS, INC.<br>  c/o United States Corporation Agents,<br>  Registered Agent<br>  605 W. Edison, Suite D<br>  Mishawaka, IN  46545,<br><br>                                            Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br><br><br><br><br>**COMPLAINT PURSUANT TO**<br>**CARMACK AMENDMENT:**<br> **49 USC § 14706,** *et al*.<br><br><br>**(Jury Demand Endorsed Hereon)** |

Now comes Plaintiff Green Circle Growers, Inc., by and through undersigned counsel, and for its Complaint against Defendant Daytona Freight Systems, Inc. avers and states as follows:

13854574 _1

### INTRODUCTION

1. This action is brought for a relief under the Carmack Amendment, 49 U.S.C. § 14706, *et al.* against Defendant Daytona Freight Systems, Inc., which damaged goods belonging to Plaintiff Green Circle Growers, Inc. In this action, Green Circle Growers, Inc. seeks to recover its actual and consequential damages.

### PARTIES

2. Plaintiff Green Circle Growers, Inc. ("Green Circle") is an Ohio corporation that is duly authorized to conduct business in the State of Ohio and is a grower of young plant products that distributes said products to wholesale and retail outlets across the country. Green Circle maintains its principal place of business at 51051 U.S. Highway 20, Oberlin, Ohio 44074. Green Circle acted as a shipper of goods in interstate commerce at all times relevant herein.

3. Upon information and belief, Defendant Daytona Freight Systems, Inc. ("Daytona Freight") is a corporation organized under the laws of the State of Indiana, has its principal place of business at 1801 West 26th Street, Muncie, Indiana 47302, and has designated Evilsizor Process Servers, LLC, c/o Beery & Spurlock Co., LPA, 5025 Arlington Centre Blvd., Suite 550, Columbus, Ohio 43220, as its representative upon whom court papers shall be served in the State of Ohio. At all times relevant herein, Daytona Freight acted as a duly licensed motor carrier engaged in the performance of interstate and intrastate carriage of cargo for hire pursuant to the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), as codified at 49 U.S.C. § 13101 *et. seq.*; 49 U.S.C. § 14101 *et. seq.*

### JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Daytona Freight because the company has and, upon information and belief, continues to transact business in the State of Ohio.

2

13854574_1

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. This action and Daytona Freight's liability are governed by 49 U.S.C. § 14706, which is commonly referred to as the Carmack Amendment to the original Interstate Commerce Act. Under 28 U.S.C. § 1337, a United States District Court has original jurisdiction where the law and issues involve interstate commerce. Here, Daytona Freight transported property for compensation through interstate commerce, across state lines, and Green Circle seeks damages in excess of $100,000, exclusive of interest, costs, and reasonable attorneys' fees.

6. Further, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Green Circle is a resident of the State of Ohio, while Daytona Freight is a resident of the State of Indiana. The amount in controversy exceeds $75,000, exclusive of fees and costs. As such, diversity jurisdiction also exists.

7. Venue is proper in this district as a substantial part of the relevant activities, out of which the claim took place in the Northern District of Ohio. Indeed, the straight bill of lading and instructions for the coordination and shipment of the destroyed goods at issue in this action were negotiated and issued in this district at Green Circle's place of business in Lorain County, Ohio.

**FACTUAL ALLEGATIONS**

8. In January 2019, Green Circle retained All Seasons Trucking, LLC ("All Seasons") to arrange for the transportation of goods from DSD Warehouse, 2411 Santa Fe Avenue, Redondo Beach, California 90278 destined to a Green Circle facility located at 15809 State Route 511, Oberlin, Ohio 44074. The shipment was described in Green Circle's straight bill of lading as consisting of (33) carts and twenty (20) crates of pachira and sansevieria plants weighing approximately 25,000 pounds. *See*, Exhibit 1 attached hereto.

13854574_1

9. Because the cargo consisted of temperature-sensitive live young plants, the straight bill of lading contains the conspicuous instruction, "Maintain temperature 65 F continuous."

10. All Seasons subsequently tendered the shipment to Dublin Logistics, Inc. ("Dublin"), which unlawfully re-brokered the shipment to Daytona.

11. On January 16, 2019, and as evidenced by the signature of its driver, Mr. Z. Obied, upon the delivery record attached hereto at Exhibit 2, Daytona received the shipment in good order and good condition.

12. On January 21, 2019, Daytona delivered the cargo to Green Circle's Oberlin, Ohio facility.

13. Upon inspection of the cargo, Green Circle rejected same because it was frozen.

14. After inspecting the cargo, a Green Circle employee wrote the following on the straight bill of lading, a copy of which is attached hereto at Exhibit 3:

- "load was frozen upon arrival!"

- "Refer (sic)[1] was set at 40° F by driver despite requested temperature below" (referring to the previously written instruction to maintain temperature at 65° F)

- "driver refused to sign"

15. The entire shipment was destroyed as the proximate result of Mr. Obied's careless failure to properly set the temperature of Daytona's refrigerated truck as expressly instructed upon the straight bill of lading.

16. Alternatively, the entire shipment was destroyed as the proximate result of the failure of the temperature control system in the Daytona truck to work properly.

---

[1] The term "reefer" refers to the refrigerated truck that Daytona used to transport the cargo to Green Circle's facility.

4

17. On April 12 and April 15, 2019, Green Circle timely served Daytona with written notice of its claim pursuant to 49 C.F.R. § 370.3(a). *See*, Exhibit 4.

18. Daytona has not acknowledged or otherwise responded to the notice of claim as of the filing of this Complaint.

19. As a result of the destruction of the entire shipment, none of the plants could be resold to Green Circle's customers and Green Circle was forced to purchase replacement goods at its own cost and expense.

## **DEFENDANT'S LIABILITY UNDER THE CARMACK AMENDMENT**

20. Green Circle repeats and realleges all of the allegations contained in the preceding paragraphs of this Complaint as though the same were fully rewritten herein.

21. On January 16, 2019, Daytona, through Mr. Obied, accepted the cargo as a motor carrier and warranted that the goods were in good order. The proper tendering and packaging procedures were followed. The shipment was therefore tendered by Green Circle to Daytona in good condition and without exception.

22. During the period from January 16, 2019 through January 21, 2019, Mr. Obied either carelessly set the Daytona refrigerated truck's temperature controls at an improper setting despite unambiguous written instructions and with complete disregard for the care of shipper's cargo or, alternatively, the temperature system failed to maintain the required temperature during transit to Oberlin, Ohio. Because the goods were destroyed, Daytona, either through its authorized agent or directly, is strictly liable for the damages.

23. Due to Daytona's negligent conduct and willful disregard of straight bill of lading, Green Circle incurred damages in the amount of One Hundred One Thousand Two Hundred Seventy Nine and 42/100 Dollars ($101,279.42). This amount includes the invoice,

packaging, and sea freight costs of the destroyed goods and, with respect to replacement goods, broker and air freight costs.

WHEREFORE, Plaintiff Green Circle Growers, Inc. demands judgment against Defendant Daytona Freight Systems, Inc. and seeks compensatory and consequential damages, plus statutory pre-judgment and post-judgment interest, reasonable attorney fees and costs incurred in the prosecution of this action and, any further relief in equity or at law that this Court deems just and proper.

Respectfully submitted,

/s/ John J. Rutter
John J. Rutter – 0079186
Christopher E. Cotter – 0084021
Roetzel & Andress, LPA
222 South Main Street
Akron, OH 44308
Telephone: 330.376.2700
Facsimile: 330.376.4577
E-mail: jrutter@ralaw.com
E-mail: ccotter@ralaw.com

ATTORNEYS FOR PLAINTIFF
GREEN CIRCLE GROWERS, INC.

## JURY DEMAND

Plaintiff Green Circle Growers, Inc. hereby demands a trial by jury.

/s/ John J. Rutter
John J. Rutter

13854574_1